Argued September 21; affirmed October 24, 1933

## ROSE *v.* ROSE
(25 P. (2d) 1051)

*Henry E. Slattery,* of Eugene, for appellant.
*Albert L. Gordon,* of Portland, for respondent.

BAILEY, J. This is an action by plaintiff to recover from the defendant a reasonable compensation for the maintenance and support of two of their children.

On May 4, 1922, a few days before the divorce decree was granted to the plaintiff in her suit against

the defendant, the plaintiff and the defendant entered into an agreement for the settlement of their property rights, in which it was recited that it was "proper that some agreement or understanding should be reached between them in respect to the support of their minor children" and it was agreed that the father should support and, subject to the further agreement between the parties and to the order of the court, have the custody of the three elder children, and that the mother, on the same conditions, should support and have the custody of the two youngest children.

Between four and five years thereafter the mother charged the defendant with the nonsupport of the two youngest children and caused a warrant to be issued for his arrest. While the defendant was incarcerated in the county jail in Portland, Oregon, a supplemental contract was entered into between the plaintiff and the defendant, which was executed in the presence of their respective attorneys, and which contract recited the fact that the plaintiff herein had the custody of the two youngest children, "and that there has been some disagreement between the parties hereto as to what amount of money the said party of the first part [Arthur A. Rose] should pay to the party of the second part [Minnie E. Rose] for the support and maintenance of the said two children, and in order to settle said dispute" it was agreed between the parties that the defendant herein should place in trust in a certain bank the sum of $2,100, which amount should be paid to Mrs. Rose by the bank at the rate of $35 a month, beginning January 1, 1927, for the support of the two youngest children. This money was so deposited in the bank and by the bank paid to the plaintiff, over a period of five years, at the rate of $35 a month.

The plaintiff's cause of action is based upon the original agreement between the parties whereby the defendant agreed to support the three elder children, who had been supported by the plaintiff, upon the failure of the defendant so to do. In his answer the defendant contends that this contract was repudiated and abandoned by the plaintiff when she failed to support the younger children whom she had agreed to support and caused the arrest of defendant for the nonsupport of said children. When, however, the parties entered into the supplemental contract, they modified the first one to the extent that the defendant herein agreed to and did pay $35 a month in support of the two youngest children; but the original contract, in so far as it required the defendant to support the three eldest children, was not in any way modified or abrogated.

The defense that the supplemental contract dated December 10, 1926, was executed by the defendant under duress can not be sustained, since it was entered into by him under advice of counsel, and that defense was not asserted until more than five years after the execution of the contract and after it had been fully performed. Even though the original contract specified that the mother was to support some of the children, such an agreement did not relieve the father, when the welfare of the children was involved, from supporting them. The original contract relative to the support of the three eldest children by the defendant was not abandoned or abrogated by the plaintiff's causing the arrest of her former husband for the nonsupport of the two youngest children. The agreements of the parties contained in the original contract are separate and distinct, and performance by one of the

parties is not dependent upon performance by the other party. Were it not for the modification of the original contract, the defendant would undoubtedly have the right to offset against plaintiff's claim in this action the amount which he has contributed to the support of the two youngest children.

This action was tried by the court without the intervention of a jury and there is sufficient evidence to support the findings of the trial judge. The judgment appealed from should therefore be affirmed.

RAND, C. J., CAMPBELL and KELLY, JJ., concur.